**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANNY TREY CROSSLAND** | **CIVIL ACTION NO. 26-694** |
| **VERSUS** | **DISTRICT JUDGE ELDON E. FALLON** |
| **WARDEN BICKHAM, ET AL.** | **MAG. JUDGE EVA J. DOSSIER** |

**ORDER AND REASONS**

Before the Court is Plaintiff Danny Trey Crossland's Motion for the Appointment of Counsel to represent him in connection with the instant civil rights suit. R. Doc. 16. Crossland raises claims relative to the alleged denial of medical care during his incarceration in Rayburn Correctional Center. R. Doc. 1. Having considered Crossland Motion in light of the applicable law and record facts, the Court will DENY the Motion for the following reasons.

A civil rights plaintiff has no constitutional or statutory right to appointed counsel. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1981). A court may, however, appoint counsel in exceptional circumstances. *Id.* In deciding whether exceptional circumstances exist, courts within the Fifth Circuit apply the four factors identified in *Ulmer v. Chancellor*: (1) the type and complexity of the case; (2) the plaintiff's ability to present his case adequately; (3) his ability to investigate the facts; and (4) whether the case will likely involve conflicting testimony that requires skilled presentation of evidence and cross-examination. 691 F.2d 209, 213 (5th Cir. 1982). Courts may also consider whether appointing counsel would promote the efficient and equitable resolution of the case. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986). Because every *pro se* litigant would benefit from counsel, the plaintiff bears the burden of showing that her circumstances differ from those of the typical *pro se* litigant. *James v. City of Deer Park*, No. 4:18-CV-646, 2018 WL 11353746, at *2 (S.D. Tex. June 7, 2018).

Applying the *Ulmer* factors here, the Court concludes that this case does not present exceptional circumstances. Crossland's claims involve issues that courts routinely address in prisoner civil rights litigation and do not present unusual legal or factual complexity. *See Lazard v. Gusman*, No. 14-2860, 2015 WL 5882984, at *2 (E.D. La. Oct. 8, 2015). Crossland has also demonstrated that he can articulate his claims and file appropriate pleadings, and nothing in the record suggests that he cannot investigate the relevant facts. Although the Court recognizes the challenges Crossland faces as an incarcerated *pro se* litigant, those challenges do not materially differ from those that other *pro se* litigants routinely encounter. Crossland therefore has not shown the exceptional circumstances necessary to justify appointing counsel.

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Crossland's Motion to Appoint Counsel, R. Doc. 16, is **DENIED**.

New Orleans, Louisiana, this 14th day of September, 2026.

Eldon E. Fallon

United States District Judge